## CHARLES C. WHITE, Appellant, v. GEORGE MILLION, Respondent.

### Kansas City Court of Appeals, November 9, 1903.

1. **Fraudulent Conveyances: PURCHASER: CREDITOR: SCIEN-TER.** Where the vendor sells to defraud his creditors and the voluntary purchaser has knowledge thereof, the sale is void; but if the sale is to a creditor only endeavoring to secure himself, it is valid even though he have knowledge of the fraudulent intent.

2. ———: ———: CREDITOR'S VENDEE: SCIENTER. Though a creditor purchase to aid the vendor's fraud, such fraud will not vitiate his sale to a vendee who has no actual knowledge of the creditor's fraudulent design.

3. ———: ———: ———: ———. The purchaser of a creditor, who bought to aid his vendor's fraud, can not be defeated because he knew such facts as would put a prudent person on inquiry; such knowledge may go to the jury to show actual knowledge, but in itself is not actual knowledge.

4. ———: ———: ———: POSSESSION: INSTRUCTIONS. Where a purchaser from a creditor who bought to aid his debtor's fraud sues to recover the property from an execution creditor of the fraudulent vendor, he is entitled to instructions on the subject of the delivery of possession to the creditor and by the creditor to himself before the levy of the execution.

Appeal from Atchison Circuit Court.—*Hon. Gallatin Craig,* Judge.

REVERSED AND REMANDED.

*John P. Lewis* for appellant.

(1) The court erred in giving instruction 1 on part of defendant, for the reason that it omits to submit the question of plaintiff's knowledge of the alleged fraud of the Finnells; and for the reason that the only evidence on the subject of delivery is to the effect that the de-

livery was before and not after the levy.   (2) The court erred in giving instruction 2 on part of defendant, and in that part of such instruction which says "or that he, the plaintiff, at time of his purchase, was in possession of such facts as would notify an ordinarily reasonably prudent man of the fraudulent intent of the said Simpson Finnell to aid the said William Finnell in hindering and delaying his creditors." This is not the law in this State. Actual knowledge of the fraud between the two Finnells was necessary. Sammons v. O'Neil, 60 Mo. App. 530; Van Raalte v. Harrington, 101 Mo. 602; State to use v. Mason, 112 Mo. 374. These decisions seem to settle conclusively the viciousness of this instruction upon this point. Actual knowledge, not suspicions, are necessary. Frederick v. Allgaier, 88 Mo. 598; Hall v. Taylor, 125 Mo. 331. (3) The court erred in refusing to give instructions 3, 4 and 12 on the part of plaintiff as asked, and in modifying instruction 3 and giving it as modified. Instruction 3 of plaintiff, as amended, and the delivery clause of instruction 2 for defendant, submitted questions of law to the jury. What was possession and what delivery were questions of law. Kendall Shoe Co. v. Bain, 46 Mo. App. 589; Elliott v. Keith, 32 Mo. App. 119; Criley v. Vasel, 52 Mo. 445; State ex rel. v. Casteel, 51 Mo. App. 143; Scully v. Albers, 89 Mo. App. 118. The bill of sale was evidence of sale and delivery. Kendall Boot & Shoe Co. v. Bain, 46 Mo. App. 592; Gatzweiler v. Morgner, 51 Mo. 47; Knoche v. Perry, 90 Mo. App. 487. (4) The court erred in refusing to give instruction 12 on the part of the plaintiff. If there was a sale and delivery of the hay by Simpson Finnell to plaintiff with Williams's consent, that would have been a sufficient delivery to plaintiff, even though there had been no prior delivery from William to Simpson Finnell. And the instruction should have been given; in fact, instructions 3 and 4 for defendant seem to recognize this proposition. Dillin v. Kincaid, 70 Mo. App. l. c. 674.

*Hunt & Bailey* and *T. S. Stevens* for respondent.

(1)   In replevin the defendant may, under the general issue, assail the plaintiff's title for fraud and show such facts as would, under the law, render such title void and ineffectual against the defendant.   Edison v. Hedger, 38 Mo. App. 53.   And may show anything that tends to disprove title or right of possession.   Gibson v. Mozier, 9 Mo. 256; Stern Auction Co. v. Mason, 16 Mo. App. 473; Pugh v. Williams, 61 Mo. App. 165; Bullian v. Burlingame, 81 Mo. 111; Thresher Co. v. Pierce, 74 Mo. App. 676; Oester v. Sitlington, 115 Mo. 247. (2) Courts will view transactions between father and son with the same strictness as they do transactions between husband and wife. 69 S. W. 13. (3) A conveyance may be for a valuable consideration, and yet void as to creditors, as in this case.   Carson v. Murray, 15 Mo. 378; Johnson v. Sullivan, 23 Mo. 474; R. S. 1899, sec. 5170.   The court's instructions were right and follow the adjudged cases in this State in cases like the one at bar.   Christian v. Smith, 85 Mo. App. 117; Johnson v. Christie, 79 Mo. App. 46, and cases cited; State ex rel. v. McBride, 105 Mo. 265; s. c., 81 Mo. 351; Lohman v. Stocke, 94 Mo. 677; Bray v. Kremp, 113 Mo. 552; State v. Richardson, 117 Mo. 586.

ELLISON, J.—The defendant, as sheriff of Atchison county, levied upon a lot of clover hay in the stack, under an execution in his hands, issued on a judgment obtained in the circuit court of Atchison county in favor of Floyd Sullivan against William Finnell.   Plaintiff, claiming title to the hay under a purchase from Simpson Finnell, who had purchased from William, brought this action of replevin.   Defendant had judgment in the trial court.

There is a great deal gone over in the briefs which need not be referred to in detail.   We will state the proposition of law which we think should govern the

case and leave to court and counsel, on a retrial, to confine the evidence and instructions to what may bear upon it.

It appears that William Finnell was in embarrassed circumstances and that his father, Simpson Finnell, was one of his creditors. That Simpson bought the hay of William and then sold it to this plaintiff. Defendant charges that the sale from William to Simpson was made to hinder, delay and defraud creditors of William and that Simpson and this plaintiff knew it.

In the sale of personal property to a volunteer purchaser, made to hinder, delay or defraud creditors, if such purchaser has actual knowledge of such purpose, the sale is void as to creditors even though the purchaser pays value. But if the sale is to a creditor-purchaser only endeavoring to collect or secure his debt, or to one who has a right to stand in the place of a creditor-purchaser, then the sale is valid, even though the purchaser knew of the fraudulent intent of the seller.

In this case Simpson Finnell is alleged by plaintiff to be a creditor-purchaser and that he had no knowledge of his son's intentions, and that if he had, it would make no difference, since he had a right to secure or collect his own debt. Defendant, however, as we judge from his instructions, advanced the theory that even though Simpson Finnell was a creditor of William when he made the purchase, yet his object in the purchase was not to save himself, but to aid in William's fraud. If that is true, then if this was a contest against Simpson, it would determine it against him. But as it is a contest with plaintiff as a purchaser from Simpson, it is necessary to show that plaintiff had actual knowledge of Simpson's fraudulent design.

In view of the considerations just stated we find the defendant's instructions to be erroneous. Instruction numbered 2 charges plaintiff with actual knowledge if he knew such facts as would put a prudent man on inquiry. Knowledge of such facts as would put a prudent

man on inquiry may be submitted as *evidence tending to show* actual knowledge, but it is not, itself, the same as actual knowledge. This was fully explained and authorities cited in Sammons v. O'Neill, 60 Mo. App. 530.

It is proper to instruct the jury that though Simpson Finnell was a creditor of his son, William, yet if his purpose in making the purchase was not to secure himself, but to aid William in an attempt to defraud, the sale was void as to his creditors, but would not be void as to plaintiff, if before such creditors laid hold of the property, he had purchased without notice of Simpson's purpose and had taken actual possession. And in that connection it is our opinion that plaintiff's refused instructions numbered 3, 4, 8 and 12, as to the delivery to Simpson by William and to plaintiff by Simpson, should have been given. They place the question of delivery as that matter is related to the different phases of the case and plaintiff had the right to ask that they be given to the jury. Nor do we see any good reason for rejecting instruction numbered 9. Some of these refused instructions were doubtless refused on the ground that they had been substantially embodied in what had been given. That is, in a degree, true; but under the evidence submitted to the jury we are inclined to think it would have been no more than fair had the instructions referred to gone along with them.

On retrial it would be better if the instructions could be lessened in number, since the principles governing the case ought to be clearly stated in less compass.

The judgment is reversed and cause remanded. All concur.